UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| VIVIAN JANET BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:23-cv-00166-GFVT |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SCOTT MERKLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Vivian Janet Bowman is a resident of Richmond, Kentucky. Proceeding without an attorney, Bowman has filed a civil complaint against Defendants Dr. Scott Merkley and Samela De Thais Paula Lima Pereira [R. 1] and a motion to proceed in forma pauperis. [R. 5.] The information contained in Bowman's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus her motion will be granted. Because Bowman is granted pauper status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Bowman's complaint because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Bowman's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

While Bowman's complaint is somewhat difficult to follow, she generally alleges that in June 2022, her primary care doctor referred her to Dr. Scott Merkley for stomach pain. She states that, while she consented to undergoing anesthesia for placement of a tube in her mouth to examine her stomach, while she was under anesthesia, Dr. Merkley and five women who were with him "pump[ed] fat liquids stuff in my body to make me obese." [R. 1 at 1-2.] She also claims that she was sexually assaulted. *Id*.

Bowman further alleges that Dr. Samela De Thais Paula Lima Pereira, whom she identifies as a dentist at the University of Kentucky Faculty Clinic, gave her "way too much anesthesia" and "drilled way so deep in that tooth which she knew was not needed and place harmful stuff in that tooth." [R. 1 at 5.] She also accuses Dr. Pereira of maliciously cancelling Bowman's appointment with another dentist. *Id*. at 6.

The remainder of Bowman's complaint consists of rambling allegations, riddled with profanity and derogatory language directed towards Dr. Merkley, his family, the "5 criminal women" who assisted Dr. Merkley, Defendants' respective marriages, and Governor Andy Beshear and former Governor Martha Layne Collins. *Id*. She has also filed a pleading containing similar profane and inflammatory language making a variety of allegations regarding a preacher in Bowling Green, members of the Church of Christ in Bowling Green, Bowman's cousins, her ex-husband and his family members, and students at Bowling Green High School. [R. 7.]

Having reviewed Bowman's complaint, the Court concludes that it must be dismissed for lack of jurisdiction. As a federal court, this Court has limited jurisdiction, meaning the authority to decide only certain types of cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1676 (1994). In addition to its screening authority pursuant to § 1915, a federal court must

determine if it possesses subject matter jurisdiction in each case and may raise the issue upon its own motion. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Bowman, as the person seeking relief from this Court, has the burden of showing "in [her] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(1) (requiring a pleading stating a claim for relief to include a "short and plain statement of the grounds for the court's jurisdiction").

The Court may exercise subject matter jurisdiction where there is complete diversity of citizenship between the parties and the plaintiff seeks damages in excess of $75,000.00. 28 U.S.C. § 1332(a). Bowman's complaint alleges that she and the Defendants are all residents of the Commonwealth of Kentucky. Moreover, she does not indicate any amount of monetary relief that she seeks, nor is there any suggestion that she seeks damages in excess of $75,000.00. Thus, the requirements for diversity jurisdiction are not met.

A district court may also exercise "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. "A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.'" *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006) (quoting *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 1526 (1908)). To be sure, it is not entirely clear what Bowman's claims are. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8

3

announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

While Bowman's complaint does not meet these standards, from what the Court is able to ascertain, it appears that Bowman's claims are rooted in allegations of medical malpractice, assault, and sexual assault. However, these are claims arising under state—not federal—law. Even construed broadly, Bowman's complaint does not allege any claim based on federal law. While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001)).

Because Bowman's complaint does not allege a violation of federal law, there is no federal question presented in Bowman's complaint as is required for this Court to exercise jurisdiction under 28 U.S.C. § 1331. Rather, Bowman's complaint presents claims arising under state law over which this Court has no independent grounds to exercise jurisdiction. For these reasons, Bowman's complaint will be dismissed for lack of subject matter jurisdiction.

Finally, in light of Bowman's inclusion of personal identifying and/or confidential information regarding multiple people—including the home address of Dr. Merkley's parents and pictures of their home—the Court previously took the step of sealing Bowman's complaint. [R. 6.] In response, Bowman has filed a letter objecting to the sealing of her complaint in which

she repeats her allegations against Dr. Merkley, uses profanity to disparage his mother, and accuses the Court of "promoting whoremongering prostitution." *Id.*

It is true that there is a "strong presumption in favor of openness as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation marks and citation omitted); *see also* LR 5.6(a) ("Parties and counsel should presume that all documents filed in district court should be available for the public to access."). However, where, as here, there is no legitimate purpose to Bowman's inclusion of the private information regarding non-parties, nor the disparaging language used throughout her complaint, the Court adheres to its prior decision that Bowman's complaint will remain sealed.

Accordingly, it is hereby **ORDERED** as follows:

1. Bowman's motion to proceed in forma pauperis [R. 5] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;

2. Bowman's Complaint [R. 1] is **DISMISSED** for lack of subject matter jurisdiction;

3. Bowman's letter/objections [R. 8] to the Court's Order sealing her complaint are **OVERRULED**;

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

5. A corresponding Judgment will be entered contemporaneously.

This 13th day of June 2023.

Gregory F. Van Tatenhove
United States District Judge